UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA IRBY (on Behalf of the Children) Of Stephen S. Helvenston, deceased),<br><br>and<br><br>JUNE BATALONA (Widow of Wesley K. Batalona),<br><br>Petitioners<br><br>v.<br><br>BLACKWATER SECURITY CONSULTING, LLC,<br><br>FIDELITY & CASUALTY COMPANY OF NEW YORK/CNA INTERNATIONAL,<br><br>and<br><br>DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,<br><br>Respondents. | No. 07-CV-5939 |

## MOTION TO DISMISS FOR LACK OF JURISDICTION

The Director, Office of Workers' Compensation Programs, United States Department of Labor, a Respondent, hereby moves to dismiss the Petition For Review filed by Patricia Irby and June Batalona. This Court lacks jurisdiction because the Complaint seeks review of a remand order issued by the Benefits Review Board ("Board") on April 25, 2007. Because

that order is not a "final order of the Board," it is not subject to review by this Court under § 21(c) of the Longshore and Harbor Workers' Compensation Act ("LHWCA" or "Act"), 33 U.S.C. § 921(c).

### PROCEDURAL HISTORY

This case stems from two claims arising under the provisions of the LHWCA, as extended by the Defense Base Act, 42 U.S.C. § 1651 *et seq.* (DBA), which were consolidated below.[1] The claims were based on the deaths of two individuals, Stephen S. Helvenston and Wesley K. Batalona (Decedents), who were killed on March 31, 2004, while providing security services, on behalf of Blackwater Security Consulting LLC (Blackwater), for trucks bringing supplies to a U.S. Army base on the outskirts of Fallujah, Iraq.

Shortly after the Decedents were killed, Blackwater's insurance carrier, Fidelity & Casualty Company of New York/CNA International (CNA), began voluntarily paying benefits under the DBA to certain of the Decedents' survivors. The Claimants in these proceedings are Wesley Batalona's widow, June Batalona, and the children of Stephen Helvenston,

---

[1] The DBA provides compensation benefits for employees injured or killed while working overseas under specific circumstances, and incorporates all the provisions of the LHWCA except as specifically modified by the DBA. 42 U.S.C. § 1651(a); *University of Rochester v. Hartman*, 618 F.2d 170, 172 (2d Cir. 1980).

2

whose claims have been prosecuted by Helvenston's former spouse, Patricia Irby. A representative of the Decedents' estates has also filed suit against Blackwater in North Carolina state court for wrongful death and fraud.[2]

Initially, Blackwater and CNA (collectively, "Employer") requested evidentiary hearings under the procedures established in the LHWCA. 33 U.S.C. § 919; 20 C.F.R. §§ 702.331-.351. After the claims came before an administrative law judge (ALJ), the Employer filed a document in each case entitled "Employer/Carrier Confession to Entry of Order Awarding Benefits," and purported to "withdr[a]w its controversion of all issues previously set for formal hearing." It then moved for immediate entry of compensation orders declaring it liable to pay the benefits it was making voluntarily.[3] In a procedural order dated February 6, 2006, the ALJ declined to issue a compensation order. Instead, the ALJ ordered the Employer to file a motion for summary judgment, which it did.

---

[2] *Nordan v. Blackwater Security Consulting, et al.*, Superior Court Case No. 05-CVS-173, Wake County, North Carolina.

[3] Blackwater intended to use the compensation order under the DBA in support of its argument that the DBA constitutes the Claimants' exclusive remedy and provides a complete shield from tort liability. *See* 42 U.S.C. § 1651(c). In addition, employers may apply, under a provision of the War Hazards Compensation Act, 42 U.S.C. § 1704(a), for reimbursement from the government of any compensation paid under the DBA.

Claimants moved to withdraw their DBA claims in order to pursue the state tort action. In a procedural order dated April 21, 2006, the ALJ denied that request on the grounds that withdrawal was not in the interests of the Claimants, and was not for a proper purpose.[4]

Pursuant to 33 U.S.C. § 921(b)(3), the Employer appealed to the Board challenging the ALJ's refusal to enter compensation orders. The Claimants cross-appealed to the Board to obtain review of the ALJ's denial of their motions to withdraw their claims. The Board requested briefing on two issues: (1) whether the ALJ relied on appropriate factors in denying claimants' motions to withdraw their claims; and (2) whether the ALJ properly interpreted the relevant regulations in denying the Employer's request for a compensation order.

In its decision, issued April 25, 2007, the Board upheld both of the ALJ's procedural rulings. The Board also noted that the ALJ had not yet ruled on the Employer's pending motion for summary judgment and

---

[4] The ALJ's full reasoning regarding the Claimants' right to withdraw their claims and Blackwater's entitlement to a compensation order is set forth in a series of procedural orders dated December 28, 2005 ("Order Denying Employer/Carrier's Motion for Protective Order and Requiring Briefing by Claimant"); February 6, 2006 ("Order on Pending Motions"); March 3, 2006 ("Order on Claimants' Motion to Compel Appearance at Deposition and for Monetary Sanctions"); April 21, 2006 ("Order Denying Claimant's Motion [to] Withdraw Claim") (Irby) and April 24, 2006 ("Order Denying Claimant's Motion [to] Withdraw Claim") (Batalona).

remanded the cases with instructions that the ALJ "adjudicate the claims consistent with case precedent and regulations concerning the grant or denial of motions for summary decision." Board Order at 12.

On May 10, 2007, the Employer appealed the Board's remand order to the United States Court of Appeals for the Second Circuit (Docket No. 07-1993ag). On June 12, 2007, the Director moved to dismiss the Second Circuit appeal for lack of finality. That motion remains pending.

The Claimants also filed a motion to dismiss the Second Circuit appeal on different grounds, *see* note 6, and filed the instant appeal in this Court. In addition, the Employer has filed a Complaint/Petition for Review of the Board's April 25, 2007 remand order with this Court (Case No. 07-CV-5565). Accordingly, the Director is filing, simultaneously with this motion, a motion to dismiss the Employer's appeal in Case No. 07-CV-5565, also for lack of finality.

## ARGUMENT

**Because the Board's Order does not end the litigation and leave nothing for the trier to do but execute the judgment, it is not a final, appealable order.**

Judicial review of agency decisions under the DBA are governed by 42 U.S.C. § 1653(b), which makes section 21(c) of the LHWCA, 33 U.S.C. § 921(c), applicable to DBA cases. Section 21(c) of the Longshore Act provides, in relevant part:

> Any person adversely affected or aggrieved by a *final order of the Board* may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order may be modified or set aside.

33 U.S.C § 921(c)(emphasis added).

No party has questioned that the Board had jurisdiction to issue an order in this case. The only relevant inquiry is whether the Board's order is final.

The courts have long recognized that § 21(c)'s finality requirement means that judicial review must await the termination of administrative proceedings. *See Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 406 (5th Cir. 1984) (en banc); *accord Bish v. Brady-Hamilton Stevedore & Co.*, 880 F.2d 1135, 1137 (9th Cir. 1989); *Director, OWCP v.*

6

*Bath Iron Works Corp. (Cain)*, 853 F.2d 11, 16 (1st Cir. 1988); *Youghiogheny & Ohio Coal Co. v. Baker*, 815 F.2d 422, 424 n.2 (6th Cir. 1987); *Jacksonville Shipyards, Inc. v. Estate of Verderane*, 729 F.2d 726, 727 (11th Cir. 1984)*Newport News Shipbuilding and Dry Dock Co. v. Director, OWCP (Ballard)*, 590 F.2d 1267, 1269 (4th Cir. 1978); *Sun Shipbuilding and Dry Dock Co v. Benefits Review Board (McCabe)*, 535 F.2d 758, 760-61 (3d Cir. 1976).

Thus, a Board order is generally not "final" for purposes of judicial review if it does "not end the litigation on the merits and leave nothing for the trier to do but execute the judgment." *Roundtree*, 723 F.2d at 406; *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (addressing analogous provision set forth in 28 U.S.C. § 1291); *Chasser v. Achille Lauro Lines*, 844 F.2d 50, 52 (2d Cir. 1988) (same); *see generally Eggers v. Clinchfield Coal Company*, 11 F.3d 35, 38 (4th Cir. 1993) ("[t]he finality requirement contained in § 921 encompasses the same concepts as finality in 28 U.S.C. § 1291.").

This case has not yet reached the point where the ALJ has nothing left to do but execute the judgment. Indeed, the Board made clear that it had not finally decided the case. It affirmed the ALJ's refusal to enter a compensation order, as well as his denial of the Claimants' motions to

withdraw their claims, and remanded the case for further proceedings. Board Order at 13. The Board expressly noted that the Employer's motion for summary decision was still pending before the ALJ, and instructed him to "adjudicate the claims consistent with case precedent and regulations concerning the grant or denial of motions for summary decision." *Id*. at 12. Given that the Claimants' LHWCA cases are still pending, that no compensation orders have issued, and that the Board remanded the claims to the ALJ, it is apparent that the Board's decision is not a "final order."

The Board's order is also not an appealable collateral order.[5] The collateral order doctrine was first set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), which addressed the doctrine in the context of 28 U.S.C. § 1291. The Court stated:

> The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. *So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.*
>
> Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps towards final

---

[5] The Claimant did not oppose the Director's motion to dismiss the Second Circuit appeal for lack of finality. The Employer filed a nominal opposition, conceding that the "appeal is likely not an appeal of a final order of the BRB," and that "the collateral order doctrine is a narrow exception to the finality requirement with conditions that are strictly applied." It nonetheless suggested without explanation or supporting argument that the Board's decision "may be appealable" under that doctrine.

judgment in which they will merge. *The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.* Id. at 546 (emphasis added).

In this case, the Board's remand to the ALJ for resolution of the case makes it apparent that it "remains open, unfinished or inconclusive." *Id.* Further, allowing appeal of that remand would defeat the purpose of ensuring a single review of all issues that can be reviewed after issuance of a final order.

As this Court has found, an order will not be deemed collateral unless it meets three conditions. It must: (1) conclusively determine the disputed question; (2) resolve an issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Germain v. Connecticut National Bank*, 930 F.2d 1038, 1040 (2$^d$ Cir. 1991), citing *Richardson-Merrill Inc. v. Koller*, 472 U.S. 424, 430-31 (1985); see *Huckaby v. Frozen Food Express*, 555 F.2d 542, 549 (5th Cir. 1977) (doctrines allowing appeal of a non-final order apply "only where there is an order otherwise non-appealable, determining substantial rights of the parties *which will be irreparably lost if review is delayed until final judgment.*") (emphasis in original, internal quotations omitted).

The order here fails to meet two of these three criteria. First, it does not resolve an issue completely separate from the merits. The merits of the case involve whether the Employer is liable to pay compensation to the Decedents' survivors under the DBA. The Board remanded the case to the ALJ with specific instructions to address the Employer's motion for summary decision, in which the Employer seeks a ruling that the Decedents' are entitled to DBA compensation. The Board's decision does not resolve the rights and liabilities of the Employer and Claimants, and is not separate from it.

Second, the Board's decision is not effectively unreviewable. The immediate outcome of the remand will be that the ALJ will rule on the Employer's motion for summary decision. Whether he grants the motion, and issues a compensation order immediately, or denies it and issues a compensation order after a further hearing, the ultimate outcome of the remand will be the issuance of a compensation order affixing the rights and obligations of the parties. The Claimants, if aggrieved by any aspect of that order, may appeal to the Board and, if necessary, to the courts. 33 U.S.C. § 921(b)(3), (c); 20 C.F.R. §§ 802.201(a), 802.410 (2003). Under either scenario, all of the ALJ's and Board's actions in the prior proceedings can be reviewed. As section 10(c) of the Administrative Procedure Act

provides, "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704; *see Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 943-44 (5th Cir. 1991). Of course, if the Claimants are not aggrieved at the conclusion of the administrative proceedings, they will have no need to appeal to this Court, and the finality rule will have served the purpose of promoting judicial economy.

The Director further suggests that this motion to dismiss should be granted summarily and should not be carried with the case, for two reasons. First, the law governing this matter is clear under the authorities cited above. Second, if the motion is carried with the case, the administrative proceedings will be delayed until the Court rules on the issue of reviewability. Such delay in the administrative proceedings, particularly given the weight of authority against allowing the appeal, frustrates judicial economy, the central purpose of the finality rule. *See McCabe*, 535 F.2d at 761; *Cohen*, 337 U.S. at 546 ("The purpose [of allowing appeal of only final decisions] is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results").[6]

---

[6] There may be a second reason why this Court lacks jurisdiction over this appeal. Section 21(c) originally provided for judicial review of

11

## CONCLUSION

The petition for review should be dismissed for lack of jurisdiction because the Board's order of April 25, 2007, review of which is sought, is not a final order, and is consequently not subject to review under LHWCA section 21(c), 33 U.S.C. § 921(c).

---

compensation orders in the district court where the injury occurred. 33 U.S.C. § 921 (1927). The DBA mirrored this provision, except that it provided a different geographic limitation because the covered injuries would occur outside of the United States: "[j]udicial proceedings provided under sections 18 and 21 of the [LHWCA] in respect to a compensation order made pursuant to [the DBA] shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved." 42 U.S.C. § 1653(b). In 1972, Congress amended section 21(c); those amendments eliminated the district court from the review scheme, created the Board to serve the district court's function, and provided for initial judicial review of Board orders in the courts of appeals. 33 U.S.C. §§ 921(a)-(c). Congress did not, however, amend DBA section 1653(b). As a result, courts have grappled with whether initial judicial review jurisdiction over DBA-related Board decisions lies with the district courts or the courts of appeals. An intercircuit split on the question has arisen. *Compare Pearce v. Director, OWCP*, 603 F.2d 763 (9th Cir. 1979) (holding that jurisdiction rests with the circuit court) *with AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111 (5th Cir. 1991) (holding that jurisdiction rests with the district court). Although the Second Circuit has not yet expressed its view, this issue is presented in the pending case of *Service Employers International, Inc. v. Zimmerman*, Case No. 06-3903ag. In addition, the Claimants have filed a motion to dismiss the Second Circuit's pending appeal in this matter (Docket No. 07-1992ag), contending that judicial review jurisdiction lies with this Court. The issue has no bearing on whether the Board's April 25, 2007 Order is a final one; assuming this Court agrees that the Board's decision is not final within the meaning of section 21(c), there is no jurisdiction in any judicial forum at this time.

DATED:   July 27, 2007
         New York, New York

                                              Respectfully submitted,

                                              JONATHAN L. SNARE
                                            Acting Solicitor of Labor

Of Counsel:                                PATRICIA M. RODENHAUSEN
                                              Regional Solicitor
ALLEN H. FELDMAN
Associate Solicitor

MARK A. REINHALTER                By: _____
Counsel for Trial Litigation                      SUSAN B. JACOBS
                                              Senior Trial Attorney
MATTHEW W. BOYLE                        (SBJ 8388)
Attorney

U.S. Department of Labor                POST OFFICE ADDRESS:
Officer of the Solicitor
Room N-2117                                       Patricia M. Rodenhausen
200 Constitution Avenue, N.W.          U.S. Department of Labor
Washington, DC 20210                     Regional Solicitor
Tel. 202-693-5660                          201 Varick Street, Room 983
                                              New York, NY 10014
                                              Tel. 212-337-2116