UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA IRBY (on behalf of the minor children of Stephen S. Helvenston, deceased); and JUNE BATALONA (Widow of Wesley Batalona)<br><br>      Petitioners,<br><br> - against -<br><br>BLACKWATER SECURITY CONSULTING, LLC; FIDELITY & CASUALTY COMPANY OF NEW YORK/CNA INTERNATIONAL; and DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,<br><br>      Respondents. | Case No.: 07-CV-5939 (RJH)<br><br>**PETITIONERS' STATEMENT IN OPPOSITION TO THE MOTION OF RESPONDENT DIRECTOR TO DISMISS APPEAL** |

Claimants/Petitioners PATRICIA IRBY, on behalf of the minor children of Stephen S. Helvenston, deceased, and JUNE BATALONA, widow of Wesley Batalona (collectively "Claimants"), respectfully submit the following statements in opposition to the Motion of Respondent Director, Office of Workers' Compensation Programs, United States Department of Labor ("Director") to dismiss the instant Appeal for lack of jurisdiction.

## ISSUES REGARDING SERVICE

On July 27, 2007, the Director filed a Motion to Dismiss for lack of jurisdiction and served the motion only on Marc Miles of Callahan & Blaine, attorneys who were not admitted

1

into the U.S. District Court for the Southern District of New York and who did not receive electronic notification of the filing. The Director did not serve the Motion to Dismiss on co-counsel for Claimants James P. Rau of Cardillo and Corbett and who also did not receive electronic notification. Based on this improper service, Claimants have been delayed in submitting this opposition to the motion of Respondent to dismiss the appeal. Claimants respectfully request this Court consider this issue when reviewing this opposition.

## ARGUMENT

The Director has filed a Motion to Dismiss and argues that this Court lacks jurisdiction over the instant appeal on the grounds that the Decision and Order of the Benefits Review Board ("BRB") is not a final order and thus cannot be subject to judicial review. The Director cites to numerous authorities to support that contention and acknowledges that the collateral order doctrine could provide the means to determine that this Court has jurisdiction to review the appeal. However, the Director misapplies the legal test used to determine if the BRB's Decision and Order is an appealable collateral order and reaches an incorrect legal conclusion. Under the facts of the case and the authority discussed below, a proper analysis determines that the subject appeal brought to this Court is an appealable collateral order and thus, this Court has proper jurisdiction to hear and rule on the matter.

Under the collateral order doctrine, the Decision and Order of the BRB may be appealable as set forth by the United States Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 338 U.S. 541 (1949). In Cohen, the Supreme Court held that an order or decision disposing of a claim or right which is separable from and collateral to rights asserted in the action and which

present a "serious and unsettled question" too important to be denied appellate review and too independent of the cause of action to require that review be deferred until final judgment <u>is appealable</u>. Cohen indicates that the purpose of allowing an appeal in this situation is to avoid the parties suffering final and irreparable effects on their rights. <u>Cohen</u> at 545.

In this case, Claimants will suffer final and irreparable effects on their rights if they are not given the right to withdraw their claim for benefits. Even if this specific right has not been addressed by case law, the policy behind the Cohen decision requires that each situation be examined individually and not be predetermined based on limited precedent. The question that must then be answered is does the Order and Decision of the BRB fall within the exception afforded by <u>Cohen</u> in allowing this appeal to go forward.

The Director correctly states the test that must be applied to this case in order to determine whether the collateral order doctrine applies. The Director cites to <u>Germain v. Connecticut National Bank</u>, 930 F.2d 1038, 1040 (2d Cir. 1991) for the contention that in order for a decision or order to be subject to the collateral order doctrine, it must (1) conclusively determine the disputed question; (2) resolve an issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment.

In its motion, the Director concedes that the first prong has been met. The Director makes no arguments to address whether the BRB Decision and Order conclusively determined the disputed question. In this case, the disputed question is whether the Claimants have the right to withdraw their claim for benefits. As noted in the Petition for Review and related documents filed before this Court, the BRB affirmed the decision of the Administrative Law Judge and denied Claimants' Appeal of the Administrative Law Judge's rejecting the Claimants' Motion to

3

Withdraw their Claims for benefits.

Having disposed of the first prong of the test, the second prong of the test must be analyzed. The second prong requires that the decision must resolve an issue completely separate from the merits of the action. In its motion, the Director argues that the Decision and Order from the BRB does not resolve an issue completely separate from the merits. This argument completely misses the target.

The issue before the BRB related to whether the Claimants could withdraw their claim for benefits and whether the ALJ had acted properly in reaching his decision to deny that motion. Irrespective of the fact that the Board remanded the case back to the ALJ with specific instructions to address the employer's motion for summary judgment, the issue of whether a claimant can withdraw his claim for benefits is completely separate from the merits of the case which entail determining the employer's liability to pay compensation to the decedent's survivors under the Defense Base Act which would be addressed through remand. The Director's own motion acknowledges this. Clearly, these two issues are completely distinct and the question of a claimant's right to withdraw her claim for benefits was completely resolved by the BRB's Decision and Order. To argue that the Decision and Order are one in the same as determining the merits of the case are factually and legally incorrect. Thus, the second prong of the test to determine whether the BRB decision and order can be appealed is met.

The third prong of the test is whether the BRB's Decision and Order is effectively unreviewable on appeal from a final judgment. The Director argues that the Decision is not effectively unreviewable because the ALJ will rule on the employer's motion for summary judgment and either issue or deny a compensation order. The Claimants, the Director argues,

may appear to the Board and if necessary to the Courts if aggrieved by any aspect of the compensation order.

However, the Director's position misses a crucial point. If the Claimants' right to withdraw their claims for benefits is denied, then Claimants will not have the opportunity to raise the issue again once a compensation order is issued by the ALJ. In other words, once the order for benefits is issued, there can be no withdrawal of the claim and hence no right to appeal.

Under case authority of the Benefits Review Board, a claimant has the option to proceed and immediately appeal an order denying a claimant's motion to withdraw its claim for benefits. See Graham v. Director of Workers' Compensation Programs, 9 BRBS 155 (October 1978). In that case, the BRB ruled that the ALJ's granting of the motion to withdraw was appealable and set out the parameters by which an aggrieved party had the option to proceed with hearing or immediately appeal that ALJ's order to that Board. It doing so, the BRB acknowledged the finality of the order denying the motion to withdraw because if the aggrieved party did not appeal, it waived its rights to do so in the future. Id. at 157.

Thus, if the ALJ's order was an interlocutory order, it would not be appealable to the BRB. However, it was ruled that it was not since the BRB reviewed the ALJ Order under 33 U.S.C. § 921(b)(3). Further, since the Order issued by the ALJ in this case was appealed to the BRB and it had jurisdiction to review it on the grounds that it was final with respect to the issue of the right to withdraw claim for benefits, then it follows that the Court of Appeals also has jurisdiction to review the BRB Decision and Order on the same grounds. The finality of the order is unchanged whether it issues from the ALJ or the BRB. If the Order is effectively unreviewable because it is not final as argued by the Director in its Motion, then it should have

been unreviewable at the BRB level in the first place.

Further, if the Claimants are aggrieved by the compensation order issued by the ALJ should one follow after remand, then Claimant could not contest that Order through the appeal cycle based on the issuance of the Order and on the holding of the Graham case. In this case, there is no compensation order and the only issue in dispute is whether Claimants can withdraw their claim for benefits. Once the right to review that issue is extinguished, Claimant will be unable to raise it again in future proceedings before the ALJ. Thus, the third prong is met and this Court has jurisdiction to review this petition.

On another point, the Director also makes the argument that a delay in the administrative proceedings due to an appeal frustrates judicial economy and that is the essential purpose of the finality rule. In reality, if the Court of Appeal reviews the BRB's Decision and Order, it would be saving tremendous amounts of judicial resources if it concludes that the Claimants did have a right to withdraw their claim for benefits. That would terminate the proceedings and hence, no further time, effort, or funds would be expended in pursuing a claim for benefits which are not being sought at this point by the Claimants. If the Court agrees with the Director's position and concludes that there is no jurisdiction to hear the appeal, then this case would be sent back to the ALJ, further proceedings would occur, and another appeal could issue. It certainly appears much more expeditious to resolve the issue now given the opportunity.

As a final point, although the Second Circuit Court of Appeals has issued an order regarding this appeal in a companion case before it as identified by Blackwater counsel, that order will be subject to a motion for reconsideration based on briefing the Second Circuit did not have an opportunity to review prior to issuing its order. Further, the Second Circuit has not

issued a mandate on the order it issued. As such, that order should not be considered as binding in this case and the Court is respectively requested to consider this matter before it on the merits.

## CONCLUSION

The Director's Motion to Dismiss for lack of jurisdiction should be denied because the BRB Order of April 25, 2007 is reviewable because it is a final order for purposes of the BRB and is subject to review under the collateral order doctrine.

Dated: New York, New York
August 23, 2007

CARDILLO & CORBETT

By: _____
JAMES P. RAU (JR7209)
29 Broadway, Suite 1710
New York, NY 10006-3280
(212) 344-0464
(212) 797-1212 [fax]
Attorneys for Claimants/Petitioners
PATRICIA IRBY and JUNE BATALONA

CALLAHAN & BLAINE, APLC

By: _____
MARC P. MILES (CA # 197741)
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
(714) 241-4444
(714) 241-4445 [fax]
Attorneys for Claimants/Petitioners
PATRICIA IRBY and JUNE BATALONA

G:\2525\2525-02\DOL\DC Appeal\Opposition - 082207.wpd