UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICIA IRBY (on Behalf of the Children) )
Of Stephen S. Helvenston, deceased),                )
                                                                            )
        and                                                             )
                                                                            )
JUNE BATALONA                                              )
(Widow of Wesley K. Batalona),                    )
                                                                            )
        Petitioners                                                 )
                                                                            )
                v.                                                      )
                                                                            )
BLACKWATER SECURITY                               )
CONSULTING, LLC,                                         )
                                                                            )
FIDELITY & CASUALTY COMPANY OF )      No. 07-CV-5939
NEW YORK/CNA INTERNATIONAL,        )
                                                                            )
        and                                                             )
                                                                            )
DIRECTOR, OFFICE OF WORKERS'        )
COMPENSATION PROGRAMS, UNITED )
STATES DEPARTMENT OF LABOR,       )
                                                                            )
        Respondents.                                             )

**DIRECTOR'S REPLY TO CLAIMANTS' RESPONSE
TO MOTION TO DISMISS FOR LACK OF JURISDICTION**

The Director, Office of Workers' Compensation Programs, United States Department of Labor, a Respondent, previously moved this Court to dismiss the Petition For Review filed by Patricia Irby and June Batalona (Claimants). In the Petition for Review, the Claimants sought review of a remand order issued by the Benefits Review Board ("Board") on April 25,

2007. In his motion to dismiss the petition, the Director argued that the Board's order was not subject to review as either a "final order of the Board," 33 U.S.C. § 921(c), or as a collateral order. The Claimants responded, asserting that the order is reviewable as a collateral order. Pursuant to Fed. R. App. Proc. 27(a)(4), the Director hereby replies.

### RECENT PROCEDURAL DEVELOPMENTS

Since the filing of the Director's motion to dismiss on July 27, 2007, the Second Circuit granted the Director's motion to dismiss the Employer's appeal of the Board's remand order, holding that it was neither a final order nor an appealable collateral order. As a result of the issuance of the Second Circuit's order, the Employer has moved to voluntarily dismiss the appeal it filed in this Court. The Claimants however, have filed an opposition to the Director's motion to dismiss, arguing, in direct contradiction with the ruling by the Second Circuit, that the Board's April 25, 2007 order is an appealable collateral order.

### ARGUMENT

**The Second Circuit's ruling that the Board's Order is not an appealable collateral order is binding on this Court.**

On August 10, 2007, the Second Circuit issued an Order dismissing an appeal of the Board's April 25, 2007 order. In doing so, it held that

> the Board order here remanded the case to an Administrative Law Judge ("ALJ") for further proceedings. Therefore, the

2

order was nonfinal as it did not "end[ ] the litigation on the merits and leave[ ] nothing for the [ALJ] to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotations omitted).  <u>Moreover, the order does not fall within the small class of orders we may review pursuant to the collateral order doctrine</u>.  *See In re Deposit Ins. Agency*, 482 F.3d 612 (2d Cir. 2007).
</blockquote>

(emphasis added).  The Claimants' argument that the Board's order *is* reviewable under the collateral order doctrine is directly contrary to the holding of the Second Circuit, which is binding on this Court.  It is also analytically incorrect.

An order will not be deemed collateral unless it meets three conditions.  It must: (1) conclusively determine the disputed question; (2) resolve an issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment.  *Germain v. Connecticut National Bank*, 930 F.2d 1038, 1040 ($2^d$ Cir. 1991), *citing Richardson-Merrill Inc. v. Koller*, 472 U.S. 424, 430-31 (1985); *see Huckaby v. Frozen Food Express*, 555 F.2d 542, 549 (5th Cir. 1977) (doctrines allowing appeal of a non-final order apply "only where there is an order otherwise non-appealable, determining substantial rights of the parties *which will be irreparably lost if review is delayed until final judgment*.") (emphasis in original, internal quotations omitted).

The Claimants argue that the Board – by finding that the ALJ correctly denied the Claimants' motions to withdraw their claims, Bd. Order

3

at 7-12 – resolved a question that is completely separate from the merits and effectively unreviewable on appeal. Both assertions are incorrect. Claimants' Opposition at 3.

The merits of the case involve whether the Claimants are entitled to compensation under the DBA. The Claimants' right to withdraw their appeals goes directly to those merits. If the Claimants are allowed to withdraw their appeals, they cannot be awarded DBA compensation payable by the Employer; if they are not allowed to withdraw their claims, they can be awarded compensation.[1] The Claimants' right to withdraw their appeals, therefore, cannot be considered an issue completely separate from the merits of the case.

It is also not effectively unreviewable on appeal. The immediate outcome of the remand will be that the ALJ will rule on the Employer's motion for summary decision. Whether he grants the motion, and issues a compensation order immediately, or denies it and issues a compensation order after a further proceedings, the ultimate outcome of the remand will be

---

[1] As noted in earlier pleadings, the case presents the unusual situation in which the customary positions of the parties are reversed – with the Employer seeking an order holding it liable for DBA compensation, and the Claimant trying to avoid such an order – due to the pendency of a civil suit filed by the Claimants against Blackwater. The Employer contends that, if it is held liable for compensation under the DBA, that compensation constitutes the Claimants' exclusive remedy and provides a complete shield from tort liability for the Employer. See 42 U.S.C. § 1651(c).

4

the issuance of a compensation order affixing the rights and obligations of the parties.

The Claimants, if aggrieved by any aspect of that order, may appeal to the Board and, if necessary, to the courts. 33 U.S.C. § 921(b)(3), (c); 20 C.F.R. §§ 802.201(a), 802.410 (2003). If they do so, all of the ALJ's and Board's actions in the prior proceedings – including the preliminary finding that the Claimants were not entitled to withdraw their claims – can be reviewed. As section 10(c) of the Administrative Procedure Act provides, "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704; *see Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 943-44 (5th Cir. 1991) (relying on the APA in rejecting employer's assertion that Board remand order, which the court had previously refused to review because it was not final, could never be reviewed: "That this Court previously had no jurisdiction to review the order remanding the case does not mean that this Court may never review that order.").

Contrary to the Claimants' assertion, the Board's decision in *Graham v. Director, OWCP*, 9 BRBS 155 (1978), does not say otherwise. *See* Claimants' Opposition at 5. In *Graham*, the Board held that, if an ALJ disapproved a claimant's request to withdrawal his claim, the parties "have the option of proceeding with the hearing or of *immediately* appealing this

order to the Board . . . . If the parties elect to proceed with the hearing, they will have waived their right to an *immediate* appeal of the disapproval." *Id.* at 160 (emphasis added). Thus, while the Board afforded the claimant an opportunity to appeal immediately, it did not foreclose his right to appeal any decision issued after the close of the hearing if were still aggrieved. If it had, its decision would have been in direct conflict with the Administrative Procedure Act, 5 U.S.C. § 704, and therefore invalid.

The Claimants also argue that, because the Board reviewed the ALJ's order below, it must be a final order, and is also reviewable as such in the courts. Claimants' Opposition at 5. This is incorrect. LHWCA section 21(c), which governs appeals to the courts, allows review of only "a final order of the Board." By contrast, section 21(b)(3), which governs appeals to the Board, provides that "[t]he Board shall be authorized to hear and determine appeals raising a substantial question of law or fact . . . ." Indeed, though the Board does not normally accept interlocutory appeals, it will hear appeals of non-final orders "if necessary to properly direct the course of the adjudicative process." *Baroumes v. Eagle Marine Services*, 23 BRBS 80, 81-82 (1989). Put simply, Congress did not restrict the Board from reviewing orders that not final, but did restrict the courts from doing so. Consequently, the mere fact that the Board entertained the appeal does not mean the Court should.

Finally, the Claimants argue that judicial economy would be served if the Court heard their appeal now, rather than awaiting the conclusion of the administrative proceedings. Not only does this ignore the fact that the order being appealed is not final, but, as the Claimants implicitly concede, it only provides judicial economy if this Court "concludes that the Claimants did have a right to withdraw their claim for benefits," which the Claimants assert would "terminate the proceedings." Claimants' Oppositions at 6. Of course, it would not necessarily terminate the proceedings, as the Employer would likely appeal any such determination to the Second Circuit.

Further, if the Court were to find that the Claimants' requests to withdraw were properly denied, the case would have to be remanded back to the ALJ. In that situation, the Court would have wasted its time hearing a part of the case, when simply awaiting the termination of the administrative proceedings would fulfill the purpose of the finality rule: "to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

## CONCLUSION

This Court should dismiss the Claimants' petition for review for lack of jurisdiction because, as the Second Circuit has already determined, the Board's order of April 25, 2007, is neither a final order nor an appealable

7

collateral order, and is consequently not subject to review under LHWCA section 21(c), 33 U.S.C. § 921(c).

DATED:   August 30, 2007
         New York, New York

                                                   Respectfully submitted,

                                                   JONATHAN L. SNARE
                                                   Acting Solicitor of Labor

Of Counsel:

                                                   PATRICIA M. RODENHAUSEN
ALLEN H. FELDMAN                          Regional Solicitor
Associate Solicitor

MARK A. REINHALTER                      */s/ Susan Jacobs*
Counsel for Trial Litigation                 SUSAN B. JACOBS
                                                   Senior Trial Attorney
MATTHEW W. BOYLE                           (SBJ 8388)
Attorney
U.S. Department of Labor                     POST OFFICE ADDRESS:
Officer of the Solicitor
Room N-2117                                         Patricia M. Rodenhausen
200 Constitution Avenue, N.W.            U.S. Department of Labor
Washington, DC 20210                         Regional Solicitor
Tel. 202-693-5660                               201 Varick Street, Room 983
                                                   New York, NY 10014
                                                   Tel. 212-337-2116