UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

PATRICIA IRBY (on behalf of the minor children
of Stephen S. Helvenston, deceased); and JUNE
BATALONA (Widow of Wesley Batalona),

                          Petitioners,

    -against-

BLACKWATER SECURITY CONSULTING,
LLC, FIDELITY & CASUALTY COMPANY OF
NEW YORK/CNA INTERNATIONAL, and
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

                          Respondents.

------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/08

07 Civ. 5939 (RJH)

**ORDER**

      Patricia Irby and June Batalona bring this petition seeking review of an April 25, 2007 Order issued by the Benefits Review Board of the U.S. Department of Labor ("the Board"), regarding petitioners' claims under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq*, as extended by the Defense Base Act ("DBA"), 42 U.S.C. § 1651 *et seq*. Respondent Director of the Office of Workers' Compensation Programs ("Director") moved to dismiss the petition for lack of subject matter jurisdiction, as the Board's Order was not a "final order." By letter dated January 18, 2008, respondents Blackwater Security Consulting, LLC ("Blackwater") and Fidelity & Casualty Company of New York/CNA International ("CNA") joined the

Director's motion. For the reasons that follow, the Court grants the motion to dismiss the petition.

## BACKGROUND

On March 31, 2004, Stephen Helvenston and Wesley Batalona ("decedents") were killed in Fallujah, Iraq while working for Blackwater. Petitioners, family members of the decedents, filed claims for death benefits under the LHCWA/DBA. Petitioners also filed a civil suit against Blackwater in North Carolina state court for wrongful death and fraud. In the LHCWA/DBA proceedings, petitioners resisted Blackwater's efforts to obtain an order awarding benefits to claimants. At the direction of the administrative law judge ("ALJ"), Blackwater then filed a motion for a summary decision. Petitioners responded with motions to withdraw their claims. The ALJ denied the motions to withdraw. The parties cross-appealed to the Board: petitioners appealed the denial of the motion to withdraw and Blackwater appealed the ALJ's refusal to enter the compensation orders. In its April 25, 2007 Order, the Board affirmed both decisions and remanded the cases to the ALJ to proceed with the motion for summary decision. (Pet. Ex. A at 12–13.)

The parties then sought review of the Board's Order in three separate petitions. Blackwater and CNA filed a petition in the Second Circuit on May 10, 2007 under docket number 07-1993ag, and a separate petition in this Court on June 11, 2007 under docket number 07 Civ. 5565. Irby and Batalona filed the instant petition in this Court on June 22, 2007. In all three actions, the Director moved to dismiss on the grounds that the Board's Order was not a final order. Irby and Batalona also moved to dismiss Blackwater and CNA's petition in the Second Circuit on the grounds that this Court

rather than the Court of Appeals had jurisdiction under the DBA. On August 10, 2007, the Second Circuit granted the Director's motion to dismiss and denied Irby and Batalona's motion as moot. Irby and Batalona filed a motion asking the Court of Appeals to reconsider the grounds of the dismissal. In that motion, Irby and Batalona argued that the order denying their motion to withdraw their claims for benefits was immediately appealable under *Graham v. Dir., Office of Workers' Comp. Programs*, 9 BRBS 155 (1978). In the alternative, Irby and Batalona contended that the Board's order was reviewable under the collateral order doctrine. On October 10, 2007, the Court of Appeals denied the motion for reconsideration and upheld the earlier decision. The Court specifically found that in spite of *Graham*, the Board's Order was neither a final order nor a reviewable collateral order.

Meanwhile in this Court, Blackwater and CNA voluntarily dismissed their petition (07 Civ. 5565) and this Court directed that action be closed. In the instant action, Irby and Batalona opposed the Director's motion to dismiss their petition, and the Director filed a reply. After the Court of Appeals denied their motion for reconsideration, Irby and Batalona argued that the Court of Appeals decision "was not binding upon this Court because of the juxtaposition of the parties." (Letter from Marc P. Miles at 3, Nov. 1, 2007.) By contrast, Blackwater and CNA requested by letter that the Court dismiss the present petition in "accord with the precedential decisions issued" by the Second Circuit. (Letter from Keith L. Flicker at 1, Dec. 27, 2007.) Rather than file a separate motion to dismiss, Blackwater and CNA advised the Court that they supported Director's pending motion to dismiss on the grounds that the Board's Order was not a "final order." (Letter from Keith L. Flicker at 1–2, Jan. 18, 2007.)

3

## DISCUSSION

The procedural thicket described above—three petitions in two different courts seeking review of one order—is the result of a split of opinion among the Circuits as to which federal courts have jurisdiction over appeals from final orders of the Board regarding benefits claims under the DBA. Congress enacted the LHWCA in 1927 to provide workers' compensation coverage to maritime employees. *See ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1274 (11th Cir. 1998). In 1941, Congress passed the DBA, which extended the LHWCA workers' compensation scheme, with certain modifications, to employees working on military bases outside the continental United States. *See* 42 U.S.C. § 1651(a) ("Except as herein modified, the provisions of the Longshoremen's and Harbor Workers' Compensation Act . . . shall apply in respect to the injury or death of any employee [covered by the DBA].") Thus, except where specified in the Act, the procedures governing the LHWCA govern claims of employees covered by the DBA. *See Home Indem. Co. v. Stillwell*, 597 F.2d 87, 89 (6th Cir. 1979); *AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111, 1112–13 (5th Cir. 1991).

One of the modifications applicable to the DBA but not the LHWCA is a provision regarding the judicial review of compensation orders. 42 U.S.C. § 1653(b) provides:

> Judicial proceedings provided under sections 18 and 21 of the Longshoremen's and Harbor Workers' Compensation Act in respect to a compensation order made pursuant to this Act [42 USCS §§ 1651 et seq.] shall be instituted in the United States district court of the judicial district wherein is located the office of the deputy commissioner whose compensation order is involved if his office is located in a judicial district, and if not so located, such judicial proceedings shall be instituted in the judicial district nearest the base at which the injury or death occurs.

In 1972, Congress amended the LHWCA to create the Benefits Review Board and to provide direct review of Board decisions in the court of appeals. *See* 33 U.S.C. § 921(c) ("Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred . . . ."); *see also Hice v. Dir., Office of Workers' Comp. Programs*, 156 F.3d 214, 216 (D.C. Cir. 1998) (describing effect of 1972 amendment); *Home Indem.*, 597 F.2d at 90 (same). However, the 1972 amendments did not alter the language in the DBA that provides that "judicial proceedings" under Sections 18 and 21 of the LHWCA "shall be instituted" in the appropriate district court. *See Lee v. Boeing Co., Inc.*, 123 F.3d 801, 804–805 (4th Cir. 1997).

While the Second Circuit has not addressed the issue, the majority of the circuits to consider the question have held that "judicial review of compensation orders arising under the DBA must be commenced in the district courts." *ITT Base Servs.*, 155 F.3d at 1274–75 (noting circuit split). While § 1653(b) specifies that judicial proceedings concerning claims under the DBA must be brought in the district court, that fact "does not affect Section 921(c)'s requirement that an appeal must be of a final order of the Benefits Review Board before it can be properly brought before the district court." *Colbert v. McDonnell Douglas Corp.*, 1997 U.S. Dist. LEXIS 141, at *7 (E.D. La. Jan. 7, 1997) (internal quotations and alterations omitted); *see also ITT Base Servs.*, 155 F.3d at 1275, n.5. ("Nothing in the DBA modifies the procedures governing the finality of the Board's administrative orders.").

Thus, the question before this Court is precisely the same one that was before the Second Circuit: Was the Board's Order a final order under § 921(c) or, if not, may it still

5

be reviewed under the collateral order doctrine? The Second Circuit specifically found that the Board's Order was neither a final order nor a reviewable collateral order.[1] This Court reaches the same result.[2] The Board's decision is plainly not a final order, as it did not "end the litigation on the merits and leave nothing for the ALJ to do but execute the judgment." (Summary Order at 2, Oct. 10, 2007 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)) (quotation marks and alterations omitted)).) *Graham* is not to the contrary. There, applying its own more forgiving appeals standard—that "the issue raised is a substantial legal issue affecting the proper administration of justice" — the Board found that an ALJ's order denying a request for withdrawal was immediately appealable to the Board. *Graham*, 9 BRBS 155; *see also* 33 U.S.C. § 921(b)(3) ("The Board shall be authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this Act . . . .")

---

[1] While the Second Circuit could have based its decision on a lack of jurisdiction in the court of appeals for review of DBA claims, it explicitly chose not to do so.

[2] It is somewhat unclear to what extent (and in what fashion) the Court of Appeals' decision determines this result. Rulings by summary order after January 1, 2007, may be cited but do not have precedential effect. *See* United States Court of Appeals for the Second Circuit, Local Rule 32.1. As the determination by the Court of Appeals was in a separate petition in which the roles of the parties were reversed, it does not appear that the decision binds this Court as the law of the case. *See* 18 James Wm. Moore, et al., Moore's Federal Practice ¶ 134.20 (3d ed. 1999); *but see Parma v. Levi*, 536 F.2d 133, 134-135 (6th Cir. 1976); *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964). It may be that collateral estoppel requires the Court to reach the same result as the Court of Appeals. "Collateral estoppel, or issue preclusion, applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *United States v. Hussein*, 178 F.3d 125, 129 (2d Cir. 1999). "Whether a judgment that is not final within the meaning of § 1291 ought nevertheless be considered 'final' in the sense of precluding further litigation of the same issue, turns upon such factors as the nature of the decision (i.e., that it was not avowedly tentative), the adequacy of the hearing, and the opportunity for review." *Metromedia Co. v. Fugazy*, 983 F.2d 350, 366 (2d Cir. 1992) (internal quotations omitted). The Court need not determine whether the Court of Appeals decision binds its determination here, however, as it reaches the same result.

Similarly, the Board's Order is not reviewable under the collateral order doctrine. (*See* Summary Order at 2, Oct. 10, 2007 (citing *In re Deposit Ins. Agency*, 482 F.3d 612 (2d Cir. 2007)).) To be reviewable under the collateral order doctrine "the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993). Petitioners present no basis for the Court to conclude that the Board's decision to disallow them to withdraw their claims will be effectively unreviewable on appeal as "[a] preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704; *see also Mijangos v. Avondale Shipyards, Inc.*, 948 F.2d 941, 943–44 (5th Cir. 1991). In *Graham*, the Board did not find that a party's failure to immediately appeal an ALJ's denial of withdrawal meant that "it waived its right to do so in the future" as petitioners argue. (Pets.' Opp. 5.) Rather, *Graham* held that if the "parties elect to proceed with the hearing [instead of immediately appealing the ALJ's denial], they will have their rights to an *immediate appeal* of the disapproval." *Graham*, 9 BRBS 155 (emphasis added). Therefore, the Court finds that it is without jurisdiction to review the Board's order.

## CONCLUSION

For the reasons stated above, the Director's motion to dismiss the petition for lack of jurisdiction [5] is granted. The Clerk of the Court is requested to close this case.

SO ORDERED.

Dated: New York, New York
       March 31, 2008

                                                    /s/ R.J. Holwell
                                            _____
                                                 Richard J. Holwell
                                            United States District Judge